IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO.: 1:08CR385 |
| v. | ) | |
| | ) | Sentencing: February 20, 2009 |
| BRANDY ANDERSON, | ) | The Honorable T.S. Ellis, III |
| | ) | |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO THE
SENTENCING AND MOTION FOR DOWNWARD DEPARTURE**

The United States of America, through its attorneys, Dana J. Boente, Acting United States Attorney; John Eisinger, Assistant United States Attorney; and Tyler Newby, Special Assistant United States Attorney, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual* (Nov. 2008), files this position on the sentencing of the defendant Brandy Anderson. In addition, for the reasons set forth in its supporting memorandum, filed separately under seal, the United States hereby moves this court for a downward departure in the amount of 35%, pursuant to § 5k.1.1 of the Guidelines. If granted, the defendant's Guidelines range would be two to six months of incarceration. Furthermore, the government does not object to a sentencing condition that would permit the defendant to serve her sentence through community confinement or home detention.

**I.   OFFENSE OF CONVICTION**

On November 20, 2008, the defendant pleaded guilty to a single-count criminal Information charging her with conspiracy to commit bank fraud, in violation of Title 18, United States Code, section 371. The maximum penalty for this offense is a term of imprisonment of five years, a fine of $250,000, restitution, a $100 special assessment, and three years of

supervised release.

As set forth in the Presentence Report and the Statement of Facts, the defendant was a minor participant in a conspiracy that had the object of impersonating home equity line of credit (HELOC) account holders and wiring substantial funds from HELOC accounts to co-conspirators' bank accounts domestically and abroad. Other co-conspirators would obtain personal identifying information about HELOC account holders. They would then call financial the account holder's financial institution and assume the account holder's identity. If the co-conspirators were successful in impersonating the account holder, they would wire funds out of the victim's HELOC account and into an overseas accounts controlled by money mules. The money mules would take a percentage of the fraudulently-obtained funds and wire the remainder back in to the U.S.-based co-conspirators' domestic bank accounts or to accounts in Nigeria.

The defendant joined the ongoing conspiracy in September 2007. Defendant's role in the conspiracy was to receive fraudulently obtained funds on at least two occasions into her U.S. bank account for the benefit of her boyfriend, Abel Nnabue. These funds represented Nnabue's share of fraudulent wire transfers from victim HELOC accounts. Defendant did not personally make fraudulent calls to financial institutions, nor did she otherwise use stolen identities of HELOC account holders.

## II.    GUIDELINES CALCULATION

The plea agreement contemplated a total offense level of nine, while Probation calculated the defendant's offense level as 10. This difference concerns whether the Defendant should receive a three or two level reduction for a mitigating role under § 3B1.2 of the Guidelines. The plea agreement recommended that the defendant should receive a three level reduction under

Guidelines § 3B1.2 because her role in the scheme was more than minimal, but less than minor. Probation recommended a two level minor role reduction. The government respectfully disagrees with Probation. While the defendant understood the scope and objects of the conspiracy, and therefore was not a minimal participant, she remains one of the least culpable members. Defendant made no fraudulent phone calls, did not harvest personal identifiers of victim account holders and allowed Nnabue to use her bank account to receive amounts of money that, while by not inconsequential, were small in proportion to the hundreds of thousands (and in some cases millions) of dollars others received. These facts set her apart from other co-conspirators.

### III.   LEGAL STANDARD

Although the Supreme Court rendered the federal Sentencing Guidelines advisory in *United States v. Booker*, 125 S. Ct. 738 (2005), "a sentencing court is still required to 'consult [the] Guidelines and take them into account when sentencing.'" *United States v. Clark*, 434 F.3d 684, 685 (4th Cir. 2006) (quoting *Booker*, 125 S. Ct. at 766). The Supreme Court recently reaffirmed that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Gall*, 128 S. Ct. 586, 596 (2007). The Fourth Circuit has held that, "[c]onsistent with . . . *Booker*, a district court shall *first calculate* (after making the appropriate findings of fact) the range prescribed by the Sentencing Guidelines. Then the court shall consider that range as well as relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *Clark*, 434 F.3d at 685-86 (emphasis in original) (quoting *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005)); *accord United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006). Ultimately, the

sentence imposed must meet a standard of reasonableness, *see Booker*, 125 S. Ct. at 765, and as the Fourth Circuit has recently stated, "reasonableness is not measured simply by whether the sentence falls within the statutory range, but by whether the sentence was guided by the Sentencing Guidelines and by the provisions of § 3553(a)." *Green*, 436 F.3d at 456.

In regards to this specific case, the Government believes that a sentence at the low end of 2-6 months, to be served by way of community confinement or home detention, would satisfy the relevant factors set forth in § 3553(a). A sentence involving community or home confinement would deter the defendant from further crimes and would properly take into account the nature and circumstances of the offense, including the defendant's relatively small role in the conspiracy. In addition, such a sentence would account for the characteristics of the defendant as the sole provider of a pre-adolescent child, as outlined in the Pre-Sentence Report. Finally, the recommended sentence would not represent an unwarranted disparity from the 54 month sentence this Court imposed on Abel Nnabue and Precious Matthews, who were far more culpable members of the same conspiracy. Nnabue and Matthews both made fraudulent calls, and reaped the financial gains from the scheme. In addition, Nnabue harvested personal identifiers of HELOC account holder victims, and Matthews funneled more than $1 million in illicit gains through her bank account.

**IV.   RECOMMENDATION**

For the reasons set forth above and in the government's sealed memorandum, the government moves, pursuant to Section 5k1.1 of the Sentencing Guidelines, for a 35% reduction of the defendant's sentence. If the court were to apply this reduction to the 4-10 month guidelines range contemplated by the plea agreement, the defendant's adjusted advisory

guidelines range would be approximately 2-6 months of incarceration. If the court adopts Probation's guidelines calculation of 6-12 months incarceration, the defendant's adjusted advisory guidelines range would be approximately 4-8 months.

Given this motion and the factors in 18 U.S.C. § 3553, the government recommends a sentence at the low end of the adjusted guidelines range contemplated by the plea agreement, to be followed by a suitable period of supervised release. Moreover, the government does not oppose a condition that would permit the defendant to serve her sentence in community confinement or home detention.

        Respectfully submitted,

        Dana J. Boente
        Acting United States Attorney

By:   /s/ John Eisinger
      John Eisinger

      /s/ Tyler Newby
      Tyler Newby
      Attorneys for the United States
      U.S. Attorney's Office
      Justin W. Williams U.S. Attorney's Building
      2100 Jamieson Avenue
      Alexandria, Virginia 22314
      703-299-3700 [Phone]
      703-299-3981 [Fax]

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of February, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Whitney Minter, Esquire
Attorney for the Defendant
Office of the Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0855 [Phone]
whitney_minter@fd.org

                                            By:    /s/ Tyler G. Newby
                                                         Tyler G. Newby
                                                         Attorney for the United States
                                                         U.S. Attorney's Office
                                                         Justin W. Williams U.S. Attorney's Building
                                                         2100 Jamieson Avenue
                                                         Alexandria, Virginia 22314
                                                         703-299-3700 [Phone]
                                                         703-299-3981 [Fax]
                                                         tyler.newby2@usdoj.gov